## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| Progressive Lighting, Inc., | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| Sherman Arulappan, LLC d/b/a | ) | |
| Trios Distribution and | ) | |
| Martina Sherman, | ) JURY TRIAL DEMANDED | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## **COMPLAINT**

Comes Now, Plaintiff Progressive Lighting, Inc., ("Progressive" or "Plaintiff"), and for its Complaint against Sherman Arulappan, LLC d/b/a Trios Distribution ("Trios") and Martina Sherman ("Sherman"), stating as follows:

## **PARTIES, JURISDICTION AND VENUE**

1. Progressive is a Georgia corporation that sells lighting and residential fixtures.

2. Trios is a Tennessee LLC with a principal office at 2231NW BROAD ST STE A, Murfreesboro, Tennessee, 37129-2992.

3. As part of an ongoing business relationship, Trios sold Progressive fixtures to retailers and was to then make payment to Progressive therefor.

4. Sherman is a Tennessee resident over 18 years of age and is an officer and/or Member of Trios.

5. On September 1, 2021, Progressive and Trios entered an Agreement (the "Agreement" is attached hereto as Ex. 1 and contained in a notice of default communication sent to Defendants as described below) that provides that this Court would hear a dispute regarding the terms of the Agreement (Agreement, ¶ 6).

6. Sherman personally guaranteed the amounts called for in the Agreement and consented to this Court hearing any dispute regarding the guaranty. (the "Guaranty")

7. The Guaranty is attached to the Agreement.

8. The Parties are diverse and the amount in controversy exceeds $75,000.00.

9. As such, this Court has jurisdiction over the Parties and this is the proper venue to hear this dispute, including but not limited to pursuant to 28 U.S.C. 1332.

**FACTS**

10. The Parties entered the Agreement to provide for the Trios's repayment of a then-outstanding $1,150,000.00 obligation to Progressive (the "Outstanding Balance").

11. Trios had been paid the Outstanding Balance by a non-party retailer(s) and did not send the money to Progressive.

12. Trios agreed to pay off the balance pursuant to the schedule listed in Paragraph 1 of the Agreement.

13. The Parties agreed that if Trios failed to make any payment as called for in the Agreement, the Outstanding Balance would become due and payable on such amount, minus amounts already paid, with interest at the rate of 6.5% (Agreement, ¶ 3).

14. Section 7 of the Agreement provides that if litigation was necessary to enforce the terms of the Agreement, Progressive would be entitled to recover its reasonable attorneys' fees.

15. Trios defaulted and Progressive made repeated demands for the Outstanding Balance.

16. On June 14, 2022, Progressive sent notice of the default to Sherman and Trios and demanded payment from the Defendants. (Ex. 1 hereto).

17. Defendants did not respond to the demand.

18. Defendants owe Progressive a principal amount of $582,160.77, $9,351.37 in accrued interest and $1,250.00 in attorneys' fees as of June 14, 2022.

## COUNT ONE – BREACH OF CONTRACT

19. Progressive re-alleges the previous paragraphs.

20. The Agreement between Progressive and Trios and Progressive and Sherman are contracts, supported by valuable consideration.

21. Defendants breached the Agreement and the Guaranty by not making payments as agreed between the Parties.

22. Progressive suffered damages as a result.

## COUNT TWO - UNJUST ENRICHMENT

23. Progressive re-alleges the previous paragraphs.

24. Trios received a benefit to which it was not entitled when it retained monies it received from non-parties that it failed to submit to Progressive.

25. Equity dictates that it not be permitted to retain such monies.

## COUNT THREE – CONVERSION

26. Progressive re-alleges the previous paragraphs.

27. Progressive delivered goods to Trios's customers or to consumers on Trios's behalf and Trios received payment for those goods – but failed to submit payment to Progressive.

28. Trios intentionally withheld such payments to Progressive's detriment.

29. Trios kept the funds for its own use.

### COUNT FOUR – MONIES HAD & RECEIVED

30. Progressive re-alleges the previous paragraphs.

31. Trios received monies from certain customers and/or consumers that was to be paid to Progressive but Trios failed to make such payment.

32. Trios received such funds and is liable to Progressive for those funds.

### COUNT FIVE – PUNITIVE DAMAGES

33. Progressive re-alleges the previous paragraphs.

34. By retaining Progressive's funds and refusing to respond to demand for payment, Trios showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

35. As such, punitive damages should be awarded against Trios not as compensation to the Plaintiff but solely to punish, penalize, or deter Trios.

## COUNT SIX – ATTORNEYS' FEES AND EXPENSES

36. Progressive re-alleges the previous paragraphs.

37. The Agreement provides that if Progressive had to litigate over the terms of the Agreement with Trios, Trios would be liable for reasonable attorneys' fees.

38. Trios and Sherman have acted in bad faith, been stubbornly litigious and caused Progressive unnecessary trouble and expense.

39. As such, pursuant to O.C.G.A. § 13-6-11, the Defendants should be liable for Progressive's reasonable expenses and attorneys' fees.

WHEREFORE, Progressive prays as follows:

a. That trial by jury be had.

b. That judgment be entered for Progressive on all Counts of the Complaint.

c. That punitive damages be awarded against Trios.

d. That Progressive be awarded its reasonable attorneys' fees and expenses pursuant to the contract and O.C.G.A. Section 13-6-11; and

e. Any other reflief the Court deems just and proper.

Respectfully submitted this 26th day of July 2022, by:

SHEPHERD LAW, LLC

/s/Seth Katz
Seth Katz
GA Bar No. 197411
Shepherd Law, LLC
2970 Peachtree Road, Suite 825
Atlanta, Georgia 30305
(404)579-9466
skatz@shepherdlaw.net

Counsel for Plaintiff